WILLIAM S. CARMAN and LOUIS E. CARMAN, Respondents, *v.* THE FARMERS' LOAN AND TRUST COMPANY, Appellant.

*Railroad reorganization — deposit of stock and bonds — sale to pay costs, and return of surplus, decreed — defective complaint.*

The complaint in an action brought against a trust company alleged that, in pursuance of a railroad reorganization agreement, stocks and bonds of certain railroads were deposited with the defendant as trustee, for which it issued certificates; that the plan of reorganization having failed, an action was brought against the defendant by a construction company which was then the holder of certain of the certificates, in which a decree was obtained terminating the trust and directing the defendant, among other things, to sell the bonds of the Connecticut Western railroad and the stock of the New York and New England railroad, which had been deposited with it, to create a fund for the costs of the action, and to distribute the surplus after paying such costs among the actual holders of the certificates for such bonds and stock. The complaint also alleged that the said bonds and stock had been sold under the decree; that the amount realized was sufficient to pay the costs, and that the plaintiffs were now the holders of the certificates issued for New York and New England stock; and demanded judgment for the value of said stock at the time of its sale.

*Held,* that the complaint was demurrable in that the holders of the certificates of the Connecticut Western bonds were not joined as parties, and in that it contained no allegation showing the amount of the costs payable under the decree, or what amount was chargeable to the proceeds of the Connecticut Western bonds and what to the New York and New England stock.

*Query,* whether the action was maintainable at all, and whether the application for the relief sought should not have been made at the foot of the decree in pursuance of which the securities were sold.

APPEAL by the defendant, the Farmers' Loan and Trust Company, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 6th day of January, 1893, in favor of the plaintiffs,

upon a decision of the New York Special Term, overruling the defendant's demurrer to the complaint.

*H. B. Turner*, for the appellant.

*I. N. Miller*, for the respondents.

VAN BRUNT, P. J.:

In coming to a conclusion as to the correctness of the judgment rendered upon the demurrer, it will be necessary to bear in mind the peculiar allegations of the complaint, which may be briefly stated as follows:

"That prior to and on the 2d day of July, 1880, one Edward Crane was the holder of certain stock of the New York, Boston, Albany and Schenectady Railroad Company, and of the New York and New England Railroad Company and of certain first mortgage bonds of the Connecticut Western Railroad Company, and of the Lebanon Springs Railroad Company, and was the owner and holder of two hundred and thirty-five shares of the capital stock of the New York and New England Railroad Company."

And that, at the time aforesaid, said Crane with one Carpenter and others, owners and holders of bonds and stocks of said railroad companies, united upon a plan to consolidate said railroads, and to that end and purpose a trust deed was executed appointing the defendant as trustee, in and by which it was recited that the parties of the first part (viz., Carpenter, for himself and his associates) are the owners of certain securities, viz. :

The first mortgage bonds of the " Boston, Hartford and Erie Railroad Company."

The stock of the " New York and New England Railroad Company."

The first mortgage bonds of the " Connecticut Western Railroad Company."

The stock of the " New York, Boston, Albany and Schenectady Railroad Company," and,

The first mortgage bonds of the " Lebanon Springs Railroad Company," and that for the purposes of consolidation said party of the first part agrees to assign and transfer to the party of the second part (the defendant), the various securities owned by them in said

companies, to be held, voted upon and used as in said agreement thereafter provided, and the defendant agreed to issue to the owners of said securities, certificates in lieu thereof in the form prescribed by said agreement. The agreement then provides for the taking of the steps necessary for the consolidation, and that when the consolidation shall have been effected the defendant shall exchange the various bonds and stocks for stock of the proposed consolidated railroad company, and that in case said consolidation shall not have been effected within three .years from the date of the agreement the trust should cease and "*degenerate*" and the stocks and bonds aforesaid be divided *pro rata* amongst the shareholders in the trust upon the presentation of the trust certificates. The complaint further alleges that the defendant entered upon said trust and received from the parties of the first part to said agreement the bonds and stocks before mentioned for the uses and upon the trusts therein specified, and that amongst the bonds and stocks so delivered to said defendant were the said 235 shares of the capital stock of the New York and New England Railroad Company, the same being the property of said Crane ; that thereafter the defendant issued certificates for said bonds and stocks thus received in the form and in accordance with the provisions of said deed of trust, and included therein were certificates issued to Crane for said 235 shares of New York and New England stock, and that said Crane duly assigned and transferred said certificates to the New Jersey Construction Company.

The complaint further alleged that such project of consolidation having failed, an action was commenced in this court in December, 1889, by the New Jersey Construction Company against the Farmers' Loan and Trust Company and others to terminate the trust, and such proceedings were thereupon had that a judgment was recovered and entered " terminating the said trust and directing the defendant, the Farmers' Loan and Trust Company, to deliver certain bonds and stocks, in said judgment specified, to the parties therein named, and, among other things, to sell at public sale the first mortgage bonds of the Connecticut Railroad Company and the said shares of the New York and New England Railroad Company, delivered to the said defendants in trust as aforesaid, to create a fund for the costs and expenses of the action, and the surplus, after

paying such costs, was thereby directed to be distributed among the actual holders of the trust certificates issued therefor as aforesaid," and that a sale was had under said decree and sufficient was realized from the sale of the said Connecticut Western railroad first mortgage bonds and of the stock of said New York and New England Railroad Company to pay in full the costs and expenses of the action, and that all said costs and expenses were thereby fully paid, and that the market value of the stock of said New York and New England Railway Company was, at the time of said sale, forty-five and seven-eighths per cent, for which sum per share said 235 shares of stock of said railroad company were on said day sold at said sale.

The complaint further alleged that the plaintiffs were the holders of the trust certificates above set forth, issued in exchange for said 235 shares of said capital stock, and that they were the owners of all the rights, interests, claims and demands of said Crane and the New Jersey Construction Company, and that by reason of the premises the defendants are indebted to the plaintiffs for their interest in the value of said 235 shares of stock of said New York and New England Railroad Company, as originally intrusted to it, namely, the sum of $10,780.62, and that the plaintiffs demanded of the defendant payment of said sum, and duly tendered said certificates, and the defendant refused and still refuses to pay the same ; wherefore the plaintiffs demanded judgment for the sum of $14,000, with interest and costs.

The theory upon which this complaint is based seems to be that the plaintiffs in this action were adjudged entitled to receive the proceeds of the sale of said 235 shares of stock, which it is alleged that Crane deposited under this trust agreement. Upon an examination of the complaint, however, it will be seen that the allegations do not bear out any such construction.

Whatever the rights of the parties who deposited these stocks and bonds were, they were fixed by the adjudication in respect to all the parties thereto in the action brought by the New Jersey Construction Company, which was then the holder of the certificates, against the defendant, the Farmers' Loan and Trust Company, for the termination of the trust. As already seen, by that judgment, certain stocks and bonds were to be returned to certain parties specified in said judgment, and certain first mortgage bonds of the

Connecticut Western Railroad Company (deposited by whom, the complaint does not allege), and the said shares of the New York and New England Railroad Company, viz., those deposited by Crane, were to be sold to create a fund for the costs and expenses of the action, and the surplus, after paying such costs, was to be divided amongst the actual holders of the trust certificates issued therefor as aforesaid.

Now, it nowhere appears in this complaint as to who deposited the first mortgage bonds of the Connecticut Western Railroad Company, or to whom certificates for such deposit were issued. The complaint alleges that a sale took place of the bonds of the Connecticut Western Railroad Company, and the stock of the New York and New England Railroad Company, and that from such sale sufficient was realized to pay in full all costs and expenses, and that all said costs and expenses were thereby and are fully paid. It, therefore, appears that the proceeds of the sale of the first mortgage bonds of the Connecticut Western Railroad Company and of the shares of the New York and New England Railroad Company, were to form the fund from which these expenses were to be paid, and that after these expenses were paid the surplus was to be divided amongst the holders of the trust certificates issued therefor.

The plaintiffs in this action have nowhere shown what part of these expenses were properly chargeable against the 235 shares of the New York and New England stock. It certainly is not the purport of that decree that the bonds of the Connecticut Western Railroad Company shall bear all of such expenses. But the costs and expenses were to be deducted out of the proceeds of both classes of securities and the surplus to be distributed *pro rata* amongst the holders of the certificates issued upon the surrender of those particular securities. It is apparent that the plaintiffs are only the holders of the certificates issued for the 235 shares of New York and New England stock and that there are other persons interested in this litigation (namely, the holders of the certificates issued for the bonds of the Connecticut Western Railroad Company) who are necessary to a complete determination of the amount which the trust company as trustee is bound to pay.

And, furthermore, there is no allegation showing the amount of these costs and expenses, and what amount was chargeable to the

proceeds of the bonds of the Connecticut Western Railroad Company and what amount to the stock of the New York and New England Railroad Company. Without these facts before the court, no judgment could possibly be given, and without the parties representing the certificates issued upon the surrender of the bonds of the Connecticut Western Railroad Company, no complete adjudication can be made.

There seems to be some question whether the action can be maintained at all and whether application should not have been made at the foot of the decree entered in the action in pursuance of which the securities were sold. But this question it is not necessary now to determine.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with leave to amend upon payment of the costs of the appeal and in the court below.

FOLLETT and O'BRIEN, JJ., concurred.

Interlocutory judgment reversed, with costs, and the demurrer sustained, with leave to amend upon payment of the costs of the appeal and in the court below.